UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON P. KRUG, | ) | |
| | ) | CASE NO. 1:20-cv-2280 |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| ED SHELDON, Warden, | ) | **MEMORANDUM ORDER** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Darrell A. Clay (Doc. No. 11), which recommends that the relief requested in the Petition for Writ of Habeas Corpus ("Petition") filed by Jon P. Krug (Doc. No. 1) be denied. The R&R further recommends that this Court not grant Krug a certificate of appealability. (Doc. No. 11 at 743-44.)[1] Petitioner timely filed objections to the R&R (collectively, the "Objection"). (Doc. No. 14.)

For the following reasons, the R&R's recommendation that the Petition for Writ of Habeas Corpus be denied is ADOPTED, Petitioner's objections to the R&R are OVERRULED, and the Petition is DENIED.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

1

I.  **Facts**[2]

  A.  **Procedural History**

This case follows multiple state court appeals as well as prior federal habeas proceedings.[3]  The complex procedural history is laid out in the R&R.  (Doc. No. 11 at 687-708.)  The Objection does not identify any misstatement of fact or misstatement of procedural history.  Accordingly, this Court adopts and incorporates by reference the "Procedural History" set forth in the R&R.  (*See id.*)

The Court excerpts below the following concise summary set forth by the Ohio Court of Appeals:

> In the early hours of December 30, 2007, appellant went to the Lake Effects bar in Madison, Ohio.  At some point in the evening he went into an area in the bar where the bar's owner, Jason Reihner, was playing horseshoes with a group of people.  Appellant, wearing headphones and listening to his MP3 player, walked right into the horseshoe pit when one of the players was about to throw a horseshoe.  Reihner confronted appellant and asked him to leave.  He escorted appellant outside, and a fight between them erupted in the parking lot.  As the two exchanged punches, a crowd gathered around them.  Harold Layne, a cook at the bar, saw a knife in appellant's left hand and jumped into the fight to help Reihner.  Both Layne and Reihner were stabbed.  As appellant walked away, he was tackled to the ground by several bar patrons, who managed to pry the knife from his hand.

---

[2] Petitioner has not objected to the R&R's reliance on the state court appellate opinions.  Under the Antiterrorism and Effective Death Penalty Act of 1998 ("AEDPA"), the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  With no effort to rebut the presumption of correctness having been made, the facts established in the state court proceedings are presumed to be correct.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual . . . conclusions, under a de novo or any other standard, when neither party objects to those findings.")

[3] *See, e.g., State v. Krug*, 2019-Ohio-926, ¶ 2, 2019 WL 1241940, at *1 (Ohio Ct. App. 2019) ("This is the fourth time Mr. Krug has appealed to this court in regard to his underlying conviction and sentence on four counts of felonious assault, each with a repeat violent offender specification, and one count of carrying concealed weapons.").

> Reihner was air-lifted to Metro Health Medical Center to treat the stab wound to his abdomen. His spleen and part of his pancreas were removed and he was hospitalized for two-and-a-half weeks. Subsequently, he developed a related blood clot in his lung, for which he was hospitalized for another week.
>
> Layne, who suffered a stab wound to his abdomen that caused his intestines to protrude from his body, was air-lifted to University Hospitals. He had part of his intestines removed as a result of the stab wound and was hospitalized for two weeks.
>
> On February 13, 2008, appellant was indicted by the Lake County Grand Jury on five counts: counts one through four, felonious assault, felonies of the second degree, with [repeat violent offender] RVO specifications; and count five, carrying a concealed weapon, a felony of the fourth degree. Counts one and two arose from crimes committed against Layne. Counts three and four arose from crimes committed against Reihner. Appellant entered a not guilty plea to all charges at his arraignment.
>
> A jury trial commenced on April 21, 2008. Fourteen witnesses testified for the state and three for the defense, including appellant himself. The trial court also admitted 75 exhibits introduced by the state. The state and appellant offered different accounts of how Reihner and Layne were stabbed during the fight.
>
> Following trial, the jury returned guilty verdicts on all five counts.
>
> The trial court determined that appellant was a repeat violent offender and sentenced him to a total prison term of 37 and a half years. Appellant filed his first appeal, Case No. 2008-L-085. On July 31, 2009, this court affirmed appellant's convictions and sentence. *State v. Krug*, 11th Dist. Lake No. 2008-L-085, 2009-Ohio-3815.
>
> Appellant filed his second appeal, Case No. 2009-L-038. On November 25, 2009, this court affirmed the trial court's judgment denying appellant's postconviction petition. *State v. Krug*, 11th Dist. Lake No. 2009-L-038, 2009-Ohio-6232.
>
> Thereafter, appellant filed a myriad of pleadings to the trial court, this court, and the Ohio Supreme Court.

*State v. Krug*, 2018-Ohio-3248, ¶¶ 2-10, 2018 WL 3832844 at *1-2 (Ohio Ct. App. Aug. 13, 2018) (holding that the trial court did not abuse its discretion in performing an *in camera* review of certain grand jury testimony, declining to release that testimony to defendant, and denying the delayed motion for a new trial).

3

### B. Prior Federal Habeas Litigation

A decade ago, judges of this Court considered and wrote at length regarding Krug's habeas petition stemming from his conviction and sentencing. *See Krug v. Kelly*, No. 1:11-cv-74 (N.D. Ohio). (Doc. No. 5-1 at 134-206.) Krug afterward sought a certificate of appealability from the Sixth Circuit, which denied the request and explained why Krug's arguments were unavailing. *See Krug v. Kelly*, No. 13-3719 (6th Cir. Feb. 5, 2014). (Doc. No. 5-1 at 208-11.)

The present habeas petition followed a change to Krug's post-release conditions. That change was made a decade after Krug's conviction and sentence, as recounted below.

### C. Revised Post-Release Control Sentence

On April 29, 2008, the state trial court sentenced Krug after a jury found him guilty on multiple felony counts. (*See* Doc. No. 5-1 at 131-33, 142.) The state court conducted a repeat violent offender hearing as part of the sentencing. (*Id.*) The court later memorialized the sentence in a written judgment order docketed on May 6, 2008. (*Id.*)[4] That judgment included the following: "The Court has further notified the Defendant, that post release control is mandatory in this case up to a maximum of 3 years . . . ." (*See id.* at 131.)

Ten years later, on April 5, 2018, the state trial court held a hearing to revise the sentencing order regarding post-release control sanctions. (*See id.* at 338.) The trial judge explained:

> I gave the defendant a total of thirty-seven and a half years. At that time, I informed the defendant that post-release control was mandatory for up to three years. My mistake; it was mandatory for three years. Appeals have been exhausted on the case, and the defendant is here for the proper advisement. The proper advisement is that upon your release from prison, you'll be on a

---

[4] That written judgment noted that "Defendant and State stipulated to the Defendant's prior convictions as alleged in the Repeat Violent Offender Specifications to Counts 1, 2, 3 and 4, and that the Defendant was the person who committed those offenses." *See Krug v. Kelly*, No. 1:11-cv-74, Doc. No. 9-5 at 224.

mandatory period of post-release control for three years . . . .

(Doc. No. 5-2 at 616.) The new, corrected sentencing order in 2018 indicates: "The Court has notified the Defendant, that post release control is mandatory in this case for a period of three (3) years." (Doc. No. 5-1 at 460.)

### D. Direct Appeal from the Revised Sentencing Judgment

In response to this revised judgment with the changed temporal scope of post-release control, Krug appealed to the Ohio Court of Appeals. However, his appeal was not directed to post-release control, nor did Krug point to error in how or why the trial court revised the post-release terms. (*See id.* at 469-88.) Instead, Krug raised the following six errors:

> [1.] Ohio's burden shifting Self-Defense Law violates the Defendant's Second, Fifth, and Fourteenth Amendment Rights under the United States Constitution.
>
> [2.] Trial Counsel was ineffective for failing to raise the issue of spoliation and to request a jury instruction based on the state's failure to preserve the blood pooled at the crime scene so that defense may have access to independent testing.
>
> [3.] Trial Counsel was ineffective for failing to object to jury instructions erroneously stating that the defendant had a duty to retreat.
>
> [4.] The trial court violated appellants [*sic*] constitutional rights by arbitrarily denying him the testimony of a favorable witness for the purpose of presenting expert testimony to interpret toxicology results.
>
> [5.] The trial court erred in sentencing defendant appellant to maximum consecutive sentences as his findings are not supported by the record.
>
> [6.] The trial court erred in denying Appellant of an 'inferior degree' instruction of aggravated assault.

*State v. Krug*, 2019-Ohio-926, ¶¶ 8-13, 2019 WL 1241940, at *1-2 (Ohio Ct. App. 2019). "Mr. Krug failed to raise any argument that concerns the sentencing entry that corrected the imposition of his post-release control sanctions." *Id.* at *3.

5

To justify his focus on alleged errors from his original trial and conviction, Krug relied on federal case law regarding second or successive habeas petitions. *See generally* 28 U.S.C. 2244(b)(2). (Doc. No. 5-1 at 475.) The Ohio Court of Appeals summarized his argument as follows:

> Mr. Krug contends that this appeal should be considered based on the Sixth Circuit's recent decision, *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). Specifically, he argues that *In re Stansell* stands for the proposition that a new sentencing judgment reopens a case for full review and that the Sixth Circuit's reasoning should be applied to the case before us. Upon review, we find *In re Stansell* has no bearing to this case, and we further find that his assignments of error are barred, since Mr. Krug either already raised or had the opportunity to raise them in his previous appeals.

*Id.* at *2. The Court of Appeals cited Ohio state law doctrines regarding a defendant's failure to raise errors at the time they were made and *res judicata*. *See id.* at *3-4. That court concluded noting that "Mr. Krug is simply not entitled to a fourth bite from the 'proverbial apple,' and thus, his assignments of error are overruled." *Id.* at *4.

Krug appealed to the Ohio Supreme Court, raising seven points of law:

I. This Court's holding in *Fisher* is inconsistent with federal law and violates due process.

II. When a defendant is shouldered with the burden to show he acted in self defense by a preponderance of the evidence and his conviction does not rest on the standard of guilt beyond a reasonable doubt has been denied his second amendment and due process rights with a full-throated appeal regarding his trial and conviction.

III. Trial counsel's failure to request a curative jury instruction based on the spoliation of evidence resulting from failure to collect and preserve blood pooled at the crime scene constitutes a denial of effective assistance of counsel.

IV. Trial counsel is ineffective for failing to object to jury instructions erroneously stating that the defendant had a duty to retreat.

V. When the alleged victim's mental state and credibility are at issue, the court cannot arbitrarily deny a defendant's right present favorable expert

      toxicology evidence based on arbitrary procedural rules.

  VI.   The trial court errs in sentencing Appellant to maximum consecutive sentences where the record does not support such a finding.

  VII.  The trial court errs when it denied Appellant of an "inferior degree" instruction of aggravated assault.

(Doc. No. 5-1 at 555-56; Doc. No. 11 at 707-08.)

Two aspects of Krug's memorandum to the Ohio Supreme Court stand out. First, none of the seven alleged errors focused on the revised time of post-release control. Second, none of the seven errors centered on the Court of Appeals' treatment of res judicata and the failure of a defendant timely to raise errors on direct appeal. The Ohio Supreme Court denied review. (Doc. No. 5-1 at 587.)

      **E.**    **Krug's Current Habeas Petition**

Krug, through counsel, filed a habeas petition in this Court on October 8, 2020, asserting ten grounds for relief:

> **Ground One**. The Ohio Supreme Court's holding in *State v. Fischer* is inconsistent with federal law and violates due process.
>
> **Ground Two.** Second Amendment and due process rights are denied when the defendant is shouldered with the burden to show how he acted in self-defense by a preponderance of the evidence.
>
> **Ground Three.** Trial Counsel's failure to request a curative instruction based on the spoliation of evidence resulting from failure to collect and preserve blood pooled at scene is ineffective assistance of counsel.
>
> **Ground Four.** Ineffective assistance of counsel for failing to object to jury instructions erroneously stating there was a duty to retreat.
>
> **Ground Five.** The trial court violated Petitioner's constitutional rights by arbitrarily denying him the testimony of a favorable witness for the purpose of presenting expert testimony to interpret toxicology results.
>
> **Ground Six.** The trial court erred in sentencing Petitioner to maximum consecutive sentences as those findings are not supported by the record,

7

violating Petitioner's federal due process.

**Ground Seven.** Ineffective assistance of counsel for failing to obtain limited portions of grand jury proceedings.

**Ground Eight.** If an officer of the court intentionally misrepresents on the record material information related to secret proceedings which cannot be known to defense, counsel for defendant is not ineffective for relying on those representations. However, counsel is ineffective for failing to investigate.

**Ground Nine.** Petitioner Krug was sentenced to two consecutive ten-year terms, one decade for each of the two repeat violent offender specifications. Petitioner Krug raised to the reviewing state court that the Repeat Violent Offender Specification cannot attach additional sentences because the trial court failed to issue judicial fact finding as set forth in 2929.14(D)(2)(a), which it did not. No such findings are set forth in the record.

**Ground Ten.** The combination of errors by the trial court, the prosecution and the ineffectiveness of the defense counsel deprived Petitioner Krug of a fair trial. The errors, if not individually, combined to cause the trial to be constitutionally infirm. Ohio recognizes this concept. *State v. DeMarco* (1987), 31 Ohio St.3d 191. These errors, as addressed in the preceding Claims for Relief in this petition, combined to violate Krug's due process right to a fair trial and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

(Doc. No. 1 at 6-11.)

    **F.**  **The R&R**

Notwithstanding Krug's prior federal habeas petition, the R&R concluded that the prohibition on second or successive petitioners in Section 2244(b)(3)(A) of the AEDPA did not apply. (Doc. No. 11 at 719.) "[I]n this scenario the claims presented in a subsequent petition still need to comport with the ordinary rules, meaning the petitioner must comply with state procedural rules in presenting his claim to the appropriate state court and utilize ordinary state appellate procedures. The exhaustion and procedural default slates are not 'wiped clean' . . . ." (*Id.* at 720.)

The R&R next pointed out that Krug's petition and brief did not establish any of the recognized exceptions or excuses to overcome procedural default. For example, Krug did not

8

argue his actual innocence. (*Id.* at 721-23.) The R&R then analyzed each of the ten grounds in the Petition.

The R&R suggested that Ground One had been waived because Krug failed to articulate his position and to develop a legal argument regarding the alleged unconstitutionality of the Ohio Supreme Court's decision in *State v. Fischer*, 942 N.E.2d 332 (Ohio 2010). (*Id.* at 723.)

For Grounds Two through Eight, the R&R explained why each was procedurally defaulted. (*Id.* at 724-41.) In the alternative, the R&R examined the merits of each of these grounds and explained why each ground does not warrant habeas relief. (*Id.*)

Finally, the R&R explained why Grounds Nine and Ten each pose non-cognizable issues of state law. Neither of these grounds presented a cognizable federal constitutional claim. (*Id.* at 741-43.)

### G. Objection

Petitioner did not object to any of the R&R's stated recommendations on the merits for Counts Two through Eight. Petitioner also did not object or argue why Grounds Nine or Ten should be deemed cognizable *federal* constitutional claims. Accordingly, Petition waived *de novo* review of any issue addressed in the R&R's merits analysis for Grounds Two through Ten. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding that de novo review only pertained to "those portions of a magistrate's report or recommendations to which objections have been made by any party" and recognizing a petitioner's "duty to pinpoint those portions of the magistrate's report that the district court must specially consider"); *Earley v. United States*, 985 F.2d 559, 1993 WL 26733 at *1 (6th Cir. 1993) (same).

The Objection essentially repeats the same argument that Krug made unsuccessfully in the Ohio Court of Appeals in 2018 after the revised sentencing judgment. *See State v. Krug*,

9

2019 WL 1241940, at *1-3.  Krug takes issue with the Ohio Supreme Court's decision in *Fischer*, which was "limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control."  942 N.E.2d at 341.  For that limited universe of cases, *Fischer* explained, Ohio Courts of Appeals could correct the post-release control portion of a sentence without a remand for new sentencing in the trial court.  *Id.* at 340-42.

What Krug objects to is a second holding in *Fischer*:  Even where a sentence requires a correction to the post-release control portion, the convicted defendant "having already had the benefit of one direct appeal, could not raise any and all claims of error in a second, successive appeal" from a correction to post-release conditions.  *Id.* at 342.  The Ohio Supreme Court based that holding on state law doctrines of 'law of the case' and res judicata.  *Id.* at 342-43.

> We therefore hold that void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack.  We further hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.  The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

*Id.* at 343.

## II. Law and Analysis

### A. Standard of Review

"Federal habeas review of [a] state court's decision is governed by the standards established by the AEDPA."  *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).  The AEDPA provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

10

> adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254. "This presumption of correctness applies even to factual findings made by a state court of appeals based on the state trial record." *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

To prevail under the AEDPA, Petitioner "must meet two requirements. First, he must show that his incarceration violates the Constitution or federal law. And second, [he] must prove that the [Ohio] Court of Appeals made an 'unreasonable' error of law or fact." *James v. Corrigan*, 85 F.4th 392, 395 (6th Cir. 2023) (citations omitted). However, this Court does "not consider on habeas review a state court's determination of state law." *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008). That is because "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

### B. Second or Successive Petition

The R&R recommends that Krug's Petition is not barred as "second or successive" under 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). *See In re Stansell*, 828 F.3d

11

412 (6th Cir. 2016). "*Stansell* involved an inmate's second habeas petition, which he filed after the State added a post-release control requirement to his judgment of conviction. . . . . [T]he petition wasn't second or successive because the addition of the post-release control requirement created a new judgment." *In re Caldwell*, 917 F.3d 891, 894 (6th Cir. 2019).

In light of the revised sentencing judgment entered by the state court in 2018, the Court agrees that this Petition is not barred by Section 2244(b)(3)(A) of the AEDPA. That conclusion follows from the holding of *Stansell* and related precedent. *See, e.g., Bachman v. Wilson*, 747 F. App'x 298, 304 (6th Cir. 2018) ("[T]he second or successive count restarts after resentencing even if the new petition challenges the original, undisturbed conviction.") (quotation and citation omitted); *Askew v. Bradshaw*, 636 F. App'x 342, 350 (6th Cir. 2016); *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016).

### C. Procedural Default

The Objection suggests error in the recommendation that the Court should determine whether the individual grounds in the Petition were procedurally defaulted. The R&R stated:

> *Stansell* does not, however, appear to alter the additional procedural barriers to habeas relief. This becomes particularly relevant in the case of procedural default, whereby a claim may be dismissed for failure to present it fairly to the state courts. . . . Therefore, although Mr. Krug may bring this Petition under *Stansell*, his grounds for relief are still subject to the exhaustion, procedural default, and noncognizability hurdles.

(Doc. No. 11 at 720.)

According to controlling precedent, the R&R is correct on this point. *Stansell* was based on the Supreme Court's decision in *Magwood*, which itself explained:

> A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error. If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review.

12

*Magwood v. Patterson*, 561 U.S. 320, 340 (2010). *Stansell* followed the Sixth Circuit's earlier decision where it held that even if a petition is permitted to challenge the original conviction, still "other obstacles remain. All habeas petitioners . . . must show that they did not procedurally default each claim and that they exhausted each claim." *King v. Morgan*, 807 F.3d 154, 160 (6th Cir. 2015). Indeed, *Stansell* itself expressly confirmed that "Petitioners will still have to comply with procedural default and exhaustion requirements." 828 F.3d at 419.

The R&R further advised that if a particular ground in a permitted second-in-time petition had been procedurally defaulted in state court, then a petitioner must make the showing ordinarily required in federal court for overcoming procedural default. (Doc. No. 11 at 721-23.)[5] This is correct. *See Bachman*, 747 F. App'x at 308; *Stansell v. Eppinger*, No. 1:15-cv-01303, 2017 WL 11621993, at *9-10 (N.D. Ohio July 19, 2017), *report and recommendation adopted*, 2017 WL 11621992 (N.D. Ohio Aug. 30, 2017); *McKinney v. Warden, Warren Corr. Inst.*, No. 2:14-cv-1992, 2017 WL 2336009, at *13 (S.D. Ohio May 30, 2017), *report and recommendation adopted sub nom*. 2017 WL 2591786 (S.D. Ohio June 14, 2017).

The Objection does not identify a particularized error in the R&R's legal analysis. Nor does Petitioner develop an argument as to why any procedural default should be excused.

### D. Res Judicata

The R&R explained:

> In Ohio, claims must be raised on direct appeal, if possible, or res judicata bars their litigation in subsequent proceedings. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751 (6th Cir. 2013) (citing *State v. Perry*, 226 N.E.2d

---

[5] *See generally Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002) ("[T]he petitioner must demonstrate that there was cause for his failure to follow the rule and that actual prejudice resulted from the alleged constitutional error."); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) ("In the absence of cause and prejudice, a petitioner may demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice results from the conviction of one who is actually innocent.").

> 104, 108 (Ohio 1967)).  Therefore, a petitioner is not entitled to raise claims in post-conviction proceedings that could have been raised on direct appeal. *Engle v. Isaac,* 456 U.S. 107, 125 n.28 (1982).  Consequently, if an Ohio petitioner fails to raise a claim on direct appeal that could have been raised at that time, the claim is procedurally defaulted.  *Id.*

(Doc. No. 11 at 715.)

The Objection appears to disagree with the R&R's treatment of res judicata.  The Objection cites cases where courts observed that the 'law of the case' doctrine and *res judicata* traditionally do not apply in habeas corpus. *E.g., King*, 807 F.3d at 159; *cf. Duncan v. Shoop*, No. 19-3822, 2020 WL 901439, at *3 (6th Cir. Feb. 19, 2020).  But such cases address the import of prior *federal habeas* decisions.  Such decisions do not stand for the proposition that *state law* on res judicata is disregarded on habeas review.  Nor do the *Magwood*/*Stansell* line of cases preclude federal courts from treating res judicata under state law as an adequate and independent ground.

Although not binding published opinions, several written orders from the Sixth Circuit on requests for certificates of appealability lend credence to the approach in the R&R.

> The district court determined that the [Petitioner] claim was procedurally defaulted; [Petitioner] never raised this claim until after appealing his resentencing, and so the Ohio Court of Appeals determined that the doctrine of res judicata precluded consideration of the issue because a resentencing in order to [remedy other defects] does not permit a defendant to raise new challenges to his underlying convictions that could have been raised in his original appeal.
>
> The district court properly determined, relying on *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc), that [Petitioner's] claim was procedurally defaulted by operation of res judicata.  To overcome his procedural default, [Petitioner] needed to show cause for, and prejudice from, the default.

*Henley v. Marquis*, No. 18-4209, 2019 WL 9047226, at *4 (6th Cir. Dec. 13, 2019) (citation and quotation omitted).

> [Petitioner] argued that the State erred in finding that claims he had not raised in his original appeal but raised after his resentencing were barred by res judicata.

14

> [Petitioner] relied on *Magwood v. Patterson*, 561 U.S. 320, 342 (2010), and *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015), which held that a federal habeas corpus petition filed after a resentencing is not a second or successive petition. But those cases say nothing about whether the State of Ohio is required to abandon its res judicata rules after resentencing. [Petitioner] was still required to show that his claims were not procedurally defaulted in the state courts.

*Barker v. Robinson*, No. 19-4032, 2020 WL 8184915, at *2 (6th Cir. Apr. 15, 2020); *see also Mathews v. Wainwright*, No. 20-3353, 2020 WL 5758681, at *1 (6th Cir. Aug. 11, 2020) ("[B]ecause there was a new intervening judgment, this petition was not successive and did not require authorization from this court to be filed. But [Petitioner] was still required to show that his claims were not procedurally defaulted in the state courts.").

Recently a panel of the Sixth Circuit likewise held that a petition permitted under *Magwood*/*Stansell* was subject to res judicata under state law.

> [Petitioner] raised Ground 1 and Ground 2 for the first time on direct appeal from his 2010 resentencing. In 2011, the Ohio Court of Appeals found these claims were barred by the doctrine of res judicata because they did not pertain to the imposition of post-release control and could have been raised on direct appeal from [Petitioner's] 1997 conviction. [T]he Ohio Court of Appeals enforced its state procedural sanction by barring [Petitioner] from raising Ground 1 and Ground 2 on appeal from his 2010 resentencing. [W]hen properly applied, Ohio's res judicata rule is an adequate and independent state procedural ground to foreclose review of a constitutional claim. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).

*Avery v. Wainwright,* No. 20-3530, 2022 WL 1498431, at *7 (6th Cir. May 12, 2022) (citations omitted). The Sixth Circuit noted that a different result could follow if Ohio state courts' application of res judicata was "misplaced." *Id.* at *8. But federal courts generally "treat[] state court interpretations of state law with deference [and] will not disturb the Ohio state court's application of its own res judicata law." *Id.* at *9. The court concluded that claims barred by Ohio courts on res judicata grounds were procedurally defaulted for federal habeas purposes. *Id*.

15

The authorities above indicate that the R&R is correct. The Petition and Objection here do not demonstrate that the Ohio courts misapplied state law regarding res judicata or the federal decision in *Stansell*. Nor does the Objection demonstrate an error in the R&R's treatment of res judicata and procedural default.

### E.     Effect on *Fischer*

*Magwood* and its progeny, including *Stansell*, are interpretations of the term "second or successive" in the federal AEDPA habeas statute. *See Magwood*, 561 U.S. at 332 ("We have described the phrase 'second or successive' as a 'term of art.' To determine its meaning, we look first to the statutory context. The limitations imposed by § 2244(b) apply only to a habeas corpus application under section 2254[.]").

Neither the Congress in the AEDPA nor the United States Supreme Court in *Magwood* had authority to dictate whether Ohio courts allow prisoners to raise claims in subsequent litigation that they failed to raise and preserve in the direct appeal from their conviction. Those are matters of Ohio law, and the Ohio Supreme Court is final word on how to interpret the Ohio law doctrines of res judicata or 'law of the case.'

Accordingly, even if Ground One of the current Petition had not been waived, on its merits that ground does not warrant habeas relief. Petitioner is mistaken in his view of overlap or interplay between the *Magwood*/*Stansell* line of cases and Ohio case law such as *Fischer*.

### III.     Conclusion

Petitioner's objections are OVERRULED.  The R&R is ACCEPTED.  This petition for a writ of habeas corpus is DENIED, and the case is DISMISSED.  The Court certifies that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**Date:** January 26, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE